[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Cynthia D'Avanzo, instituted the present action seeking a temporary and permanent injunction prohibiting and restraining the defendant, Citicorp Mortgage, Inc. ("Citicorp") from seeking satisfaction for debt owed to the plaintiff as a result of a mortgage granted by the plaintiff to secure a loan on real property.
The present action arises out of an action previously brought by Citicorp against Cynthia D'Avanzo seeking a foreclosure of the mortgage (See, Civil Action 91-0119495). A default for failure to appear was entered against Cynthia D'Avanzo on October 17, 1991 and on December 9, 1991, a judgment of strict foreclosure was entered with law days commencing on January 14, 1992.
On January 14, 1992, the law day set for Cynthia D'Avanzo, Citicorp filed a Motion to Reopen the judgment of strict foreclosure and to reset the law days asserting that Citicorp was presently engaged in the ongoing settlement negotiations with an insurance company that the case had not yet been settled. At the time of the filing of the Motion to Reopen, Cynthia D'Avanzo had not filed an appearance either pro se or by counsel. Counsel for Citicorp advised the court that an attempt had been made to get in touch with the plaintiff, but she was not able to be reached. Counsel also advised the court that counsel did not imagine that Cynthia D'Avanzo would have any objection to the granting of the Motion to Reopen.
Thereafter, the court reopened the judgment, set a new law day for June 15, 1992 and directed that notice of the reopening of the judgment be forwarded to Cynthia D'Avanzo which was done. Thereafter, on March 2, 1992 counsel for Cynthia D'Avanzo filed an appearance in the mortgage foreclosure action and filed an objection to the Motion to Reopen the Judgment and a Motion to Reargue. Both motions asserted lack of notice or opportunity to be heard until after the Motion to Reopen the judgment was heard and granted. The motions filed in the mortgage foreclosure action on behalf of Cynthia D'Avanzo have not been pressed by counsel and no action has been taken with respect to those motions. CT Page 5089
On March 20, 1992 Cynthia D'Avanzo instituted the present injunction action asserting that she was entitled to notice of the proceedings that took place on January 14th; that she did not receive such notice. The plaintiffs therefore, claims that the proceedings held on January 14, 1992 are void as to her and that the judgment of strict foreclosure is effective and results in Citicorp owning the property as of January 14, 1992. Plaintiff further claims that she has been deprived of her rights to rely upon the judgment entered on December 9th and has now been exposed to additional burdens of owning the property including the expenses of taxes and that she continues to be indebted to Citicorp.
Under Practice Book 354, where a party has failed to enter an appearance, or has been defaulted that party is entitled to notice of any judgment entered after default. Such notice was provided with respect to the December 9, 1991 judgment and with respect to the reopening of the judgment which occurred on January 14, 1992. However, the defendant did not receive any prior notice of the filing of the Motion to Reopen the Judgment nor was the plaintiff provided an opportunity to be heard prior to action being taken on that motion. Practice Book 121(c) provides:
 "Any pleading asserting new or additional claims for relief against parties who have not appeared or who have been defaulted shall be served on such parties."
The court finds that the Motion to Reopen the Judgment and to Reset law days constitutes a pleading asserting new or additional claims for relief within the meaning of Practice Book 121(c). The plaintiff was therefore, entitled to be "served" within the meaning of that section.
Under equitable powers, the court deems it most appropriate to hear and determine the pending motions filed by Cynthia D'Avanzo in the mortgage foreclosure action and accordingly, those motions are set down for hearing on Wednesday, June 10, 1992 at 9:15 a.m. in Stamford.
Cynthia D'Avanzo also claims that Citicorp's Motion to Reopen was wrongfully filed and acted upon because Citicorp did not pay the $50 filing fee pursuant to General Statutes 52-259c. However, the file on the mortgage foreclosure action shows a $50 receipt for January 14, 1992.
Accordingly, the Motion For Temporary and Permanent Injunction is hereby denied.
RUSH, JUDGE CT Page 5090